UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES

VERSUS                                             CRIMINAL NO: 1:01cr23-DCB

BRUCE ROBINSON                                                      DEFENDANT

**ORDER**

This matter comes before the Court on defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) [docket entry no. 70]. The defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, information provided by the United States Probation Office, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Following his guilty plea as to Count 2 of the indictment on November 5, 2001, for possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), the defendant was sentenced on May 6, 2002, to a term of 114 months imprisonment to be followed by a five-year term of supervised release. The defendant was subsequently released from custody on December 16, 2005, to begin his supervised release. The defendant's supervised release was revoked on October 1, 2007, as a result of his involvement in two undercover drug purchases by the Bay St. Louis, Mississippi, Police

Department.  The Court sentenced the defendant to an additional 24-months imprisonment to be followed by a 2-year term of supervised release.  On March 3, 2008, the defendant filed a Motion for Reduction of Sentence pursuant to Amendment 706.  This motion now is before the Court.

Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses, went into effect on November 1, 2007.  The United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, effective on March 3, 2008.  The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. 3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

Here, the defendant seeks a reduction of a term of imprisonment imposed upon revocation of his supervised release.  In the Commentary which accompanies U.S.S.G. § 1B1.10, the Sentencing Commission expressly instructs that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section."  U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n. 4 (2008).  The Commission goes on to say, "[t]his section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."  U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n. 4 (2008).  Under these clear instructions, the Court finds that the defendant is not eligible for a reduction

under 18 U.S.C. § 3582.  United States v. Johnson, 2008 WL 4602289 (S.D. Miss. Oct. 15, 2008) (unpublished); United States v. Flintroy, 2008 WL 3884345 (W.D. La. July 16, 2008) (unpublished); United States v. Durr, 2008 WL 2439719 (S.D. Miss. Jun. 16, 2008) (unpublished).  Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction of Sentence [docket entry no. 70] is **DENIED**.

**IT IS FURTHER ORDERED** that all terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 19th day of November 2009.


                      s/ David Bramlette
                      **UNITED STATES DISTRICT JUDGE**