```
              UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

UNITED STATES

VERSUS                                    CRIMINAL NO: 1:01cr23-DCB

BRUCE ROBINSON                                          DEFENDANT

### ORDER DENYING MOTION TO VACATE

This matter comes before the Court on Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [docket entry no. 72]. Having carefully considered the motion, the procedural history, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Following his guilty plea as to Count 2 of the indictment on November 5, 2001, for possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), Petitioner was sentenced on May 6, 2002, to a term of 114 months imprisonment to be followed by a five-year term of supervised release. Petitioner was subsequently released from custody on December 16, 2005, to begin his supervised release.  Petitioner's supervised release was revoked on October 1, 2007, after the court found him guilty of involvement in two undercover drug purchases by the Bay St. Louis, Mississippi, Police Department.  As a result, the Court sentenced Petitioner to an additional 24-months imprisonment to be followed by a 2-year term of supervised release.  On April 21, 2008, Petitioner filed the instant Motion to Vacate.

Petitioner's first ground for the Motion is that his counsel

was constitutionally ineffective in failing to object to his revocation of supervised release because Petitoner was not found guilty and not convicted the charge against him. As a procedural matter, Petitioner is incorrect. This Court found defendant guilty of violating Miss Code Ann. §§ 41-29-139(b)(1) and 41-29-139(a)(1) in connection with the purchase of crack cocaine and a counterfeit substance presented as crack cocaine. See Judgment on Revocation [docket entry no. 69.]. To the extent that Petitioner objects to the fact that he was found guilty of those offenses without a full jury trial, defendants are not entitled to a jury trial to determine whether the terms of supervised release or violated. United States v. Hinson, 429 F.3d 114, 117 (5th Cir. 2005).

Petitioner next argues ineffective assistance of counsel because his counsel failed to object to the Court's sentence upon revocation of the supervised release and failed to argue for a downward departure under U.S.S.G. § 5k2.0 (Mitigating Circumstances). To prove ineffective assistance, Petitioner must show both that his counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's unprofessional errors, there is a reasonable probability the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984). Even if the assistance provided by Petitioner's revocation hearing counsel was deficient, Petitioner's claim fails because he has not met his burden to show prejudice. See United States v. Chavez, 196 F.3d

1257 (5th Cir. 1999).  Indeed, Petitioner does not even explain what the mitigating circumstances are that would have caused the Court to downwardly depart from the recommended sentencing range.

Lastly, Petitioner argues that the Court erred when it failed to provide notice to the Petitioner of its intention to upwardly depart from his guideline sentencing range.  Petitioner argues that his supervised release violation was subject to a Grade C Criminal History category, which, given his original offense level, should have meant his recommended sentence was 5-11 months of imprisonment.  Petitioner is incorrect that the Court upwardly departed in sentencing him.  Petitioner was found guilty of violating two different statutes, Miss Code Ann. §§ 41-29-139(b)(1) and 41-29-139(a)(1).  While the former is a Grade C offense, the latter is a Grade A offense, for which the range of imprisonment is 18 - 24 months.  Because Petitioner's sentence of 24 months was within the guideline range for the Grade A offense, the Court did not upwardly depart.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Petitioner's Motion to Vacate is [docket entry no. 72] is **DENIED.**

**SO ORDERED**, this the 3rd day of June, 2011.

                                                                    s/ David Bramlette
                                       **UNITED STATES DISTRICT JUDGE**